# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Thomas B. Summerell, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> Clemson University, ) <br> ) <br> Defendants. ) <br> ) | Civil Action No. 8:20-cv-1586-TMC <br><br> **ORDER** |

## I. Background

Plaintiff Thomas B. Summerell commenced this action against Defendant Clemson University in State court, asserting claims for violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101. (ECF No. 1-1 at 9–14). Clemson removed the case to federal court in April 2020, (ECF No. 1), and, in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(g) (D.S.C.), this matter was referred to a magistrate judge for all pretrial proceedings. Clemson filed a motion for summary judgment, (ECF No. 32), arguing that it enjoyed immunity under the Eleventh Amendment as to Summerell's ADA claims. (ECF No. 32-1 at 9–11). In response, Summerell argued that Clemson waived its Eleventh Amendment immunity by accepting federal funds but cited the Rehabilitation Act of 1973, not the ADA, as the basis for his argument. (ECF No. 33 at 10–12). Summerell contended that the Rehabilitation Act and the ADA are judged by the same standards, and suggested that, even though his pleadings did not assert a claim under the Rehabilitation Act, the court should construe his complaint as having done so or permit him to amend the complaint to add such a cause of action. *Id*.

The magistrate judge concluded that, for Eleventh Amendment purposes, Clemson is an arm of the State of South Carolina and, therefore, is covered by sovereign immunity from lawsuits filed by private citizens in federal court unless: (1) Congress has abrogated Eleventh Amendment immunity for the claims at issue; (2) South Carolina has waived immunity under the circumstances; or (3) the complaint seeks prospective relief against state officials under *Ex Parte Young*, 209 U.S. 123 (1908). (ECF No. 37 at 6). The magistrate judge determined that none of these circumstances applied to allow Summerell to avoid the Eleventh Amendment's immunity bar and, therefore, recommended that the court grant Clemson's summary judgment motion. *Id*. at 6–7. Summerell filed objections to the Report, (ECF No. 38), but did not challenge the magistrate judge's conclusion that Clemson is an arm of the State of South Carolina and, as such, is immune from Summerell's ADA claims. This court then adopted the magistrate judge's immunity analysis and granted summary judgment as to Summerell's ADA claims. (ECF No. 41 at 9).

As for Summerell's informal suggestion that he be permitted to amend the complaint to include a claim under the Rehabilitation Act, the magistrate judge noted that he had not filed a proper motion, that he had not offered cause to excuse the filing of an untimely motion to amend,[1] and that no proposed amendment had been offered. (ECF No. 37 at 7 n.4). In his objections, Summerell took issue with the magistrate judge's (1) failure to construe his amended complaint, filed on his behalf by counsel, as having raised a claim pursuant to the Rehabilitation Act against which Clemson would not have immunity, and (2) recommendation that the court deny his request

---

[1] Pursuant to the governing scheduling order, Summerell was required to file such a motion by April 21, 2021. (ECF No. 26).

to amend the complaint a second time. (ECF No. 38 at 2–4). This court agreed with the magistrate judge and rejected Summerell's arguments, explaining as follows:

> [T]o the extent Summerell asks the court to "find" that the amended complaint asserts a cause of action pursuant to the Rehabilitation Act, the court declines to do so. Summerell is represented by legal counsel and the rule requiring lenient construction of pro se pleadings does not apply here.
>
> As for Summerell's request for leave to file a second amended complaint after the deadline for doing so under the scheduling order has expired, the court notes, as did the magistrate judge, that Summerell has not bothered to file a formal motion or even articulate a basis upon which the court can find good cause to grant relief under Rule 16(b). . . .
>
> Nonetheless, the court is loath to penalize Summerell for these failures, which are not his own. Accordingly, the court . . . grants Summerell 15 days from the date of this order to file a motion to amend the complaint to include a claim under the Rehabilitation Act, showing good cause under the applicable standards why he should be permitted to do so out of time and attaching the proposed amended pleading.

(ECF No. 41 at 8–9).

## II. Instant Motion for Leave to Amend

Pursuant to the court's order, Summerell filed the instant motion for leave to amend his complaint to add a claim under the Rehabilitation Act. (ECF Nos. 43; 43-1).[2] He indicates his second amended complaint would be based on the same facts and would require no further discovery. (ECF No. 43 at 3–4). Because Clemson would suffer no real prejudice, Summerell contends it would be in the interest of justice to permit the complaint to be amended beyond the deadline imposed by the scheduling order. *Id.* at 3.

---

[2] In his proposed second amended complaint, Summerell reasserts his ADA claims in addition to his proposed new claims under the Rehabilitation Act. (ECF No. 43-1). As already explained, and as counsel should be aware from simply skimming the court's order (ECF No. 41), Clemson was awarded summary judgment as to the ADA claims based on Eleventh Amendment immunity. The ADA claims are no longer part of this action.

On February 14, 2022, the magistrate judge issued a Report recommending that the court deny the motion for leave to amend. (ECF No. 50 at 10). Applying Rule 16(b) of the Federal Rules of Civil Procedure, the magistrate judge determined that Summerell had not established good cause to justify granting leave to amend the amended complaint beyond the deadline imposed by the scheduling order. *Id*. at 8. Specifically, the magistrate judge found as follows:

> [Summerell] offers no reason why counsel could not, with reasonable diligence, have discovered the legal defect regarding [Summerell's] ADA claim and the need to amend the pleadings to add a Rehabilitation Act claim prior to the Scheduling Order's amendment deadline. [Summerell's] excuse for not seeking leave to amend his pleadings simply amounts to counsel's failure to appreciate or understand that [Clemson] would have Eleventh Amendment immunity as to his ADA claim.

*Id*. at 9. Further, the magistrate judge pointed out that "[Summerell] did not move to amend his pleadings even after [Clemson] plainly laid out the applicable legal principles and precedents in its memorandum in support of its summary judgment motion, nor did [Summerell] move to amend his pleadings in conjunction with his objections to the undersigned's [Report]." *Id*. at 9 n.3. Thus, the magistrate judge recommended the court deny the motion for leave to amend. *Id.* at 10.[3]

### III. Legal Standards

### A. District Court Review of Magistrate Judge's Report

The recommendations set forth in the Report have no presumptive weight, and this court remains responsible for making a final determination in this matter. *Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). The court is charged with making a *de novo* determination of those portions of the Report to which a specific objection is made, and the court may accept, reject, modify, in whole or in part, the recommendation of the

---

[3] In light of this conclusion, the magistrate judge declined to address Clemson's alternative argument that the proposed amendment would have been futile. (ECF No. 50 at 8 n.2).

4

magistrate judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).  However, the court need only review for clear error "those portions which are not objected to—including those portions to which only 'general and conclusory' objections have been made[.]"  *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017). "An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'"  *Id*. at 662 n.6 (quoting *United States v. One Parcel of Real Prop., With Bldgs., Appurtenances, Improvements, & Contents, Known As: 2121 E. 30th St., Tulsa, Okla*., 73 F.3d 1057, 1059 (10th Cir. 1996)). On the other hand, objections which merely restate arguments already presented to and ruled on by the magistrate judge or the court do not constitute specific objections.  *See, e.g.*, *Howard v. Saul*, 408 F. Supp. 3d 721, 726 (D.S.C. 2019) (noting "[c]ourts will not find specific objections where parties 'merely restate word for word or rehash the same arguments presented in their [earlier] filings'"); *Ashworth v. Cartledge*, Civ. A. No. 6:11-cv-01472-JMC, 2012 WL 931084, at *1 (D.S.C. March 19, 2012) (noting that objections which were "merely almost verbatim restatements of arguments made in his response in opposition to Respondent's Motion for Summary Judgment . . . d[id] not alert the court to matters which were erroneously considered by the Magistrate Judge").  Furthermore, in the absence of specific objections to the Report, the court is not required to give any explanation for adopting the magistrate judge's recommendation.  *Greenspan v. Brothers Prop. Corp*., 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).

### B. Motions to Amend under Rules 15 and 16(b)

Rule 15 of the Federal Rules of Civil Procedure governs amendments before trial, providing in pertinent part that "[a] party may amend its pleading once as a matter of course within: (A) 21 days of serving it, or (B) if the pleading is one to which a responsive pleading is required,

21 days after service of a responsive pleading[.]" Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id*. Under Rule 15, "leave to amend should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or amendment would be futile." *Matrix Capital Mgmt. Fund, LP v. BearingPoint, Inc*., 576 F.3d 172, 193 (4th Cir. 2009) (internal citations omitted).

Although Rule 15 directs courts to allow amendment of pleadings freely "when justice so requires," after the deadline for amending pleadings set forth in a scheduling order has passed, a party must first demonstrate good cause under Fed. R. Civ. P. Rule 16 for the court to allow the amendment. *Nourison Rug Corp. v. Parvizian*, 535 F.3d 295, 298 (4th Cir. 2008). "[G]ood cause means that scheduling deadlines cannot be met despite a party's diligent efforts." *Dilmar Oil Co. v. Federated Mut. Ins. Co*., 986 F. Supp. 959, 980 (D.S.C.), *aff'd*, 129 F.3d 116 (4th Cir. 1997). "[I]f the moving party satisfies Rule 16(b), the movant then must pass the tests for amendment under [Rule] 15(a)." *CBX Techs., Inc. v. GCC Techs., LLC*, No. JKB-10-2112, 2012 WL 3038639, at *3 (D. Md. July 24, 2012).

"[T]he primary consideration . . . in [determin]ing whether 'good cause' has been shown under Rule 16(b) relates to the movant's diligence." *Reyazuddin v. Montgomery Cnty., Md*., No. DKC 11-0951, 2012 WL 642838, at *3 (D. Md. Feb. 27, 2012). Lack of diligence and carelessness are the "hallmarks of failure to meet the good cause standard." *W. Va. Hous. Dev. Fund v. Ocwen Tech. Xchange, Inc*., 200 F.R.D. 564, 567 (S.D. W. Va. 2001).

## IV. Discussion

Plaintiff contends the magistrate judge erred in concluding that he failed to demonstrate why he could not have amended the pleadings to add a Rehabilitation Act claim prior to the scheduling order's amendment deadline. (ECF No. 51 at 2). Plaintiff asserts that he presented the magistrate judge "relevant case law indicating that leave to amend outside of the scheduling order under FRCP 16(b)(4) allows for modification in the interests of justice, good cause or extraordinary circumstances." *Id*.

Plaintiff merely objects to the magistrate judge's conclusion and fails to point to any purported legal error or erroneous factual determination. Rather, Plaintiff generally restates his position that the interests of justice permit the court to grant his motion to amend. The court rejects Plaintiff's non-specific objections and finds no basis for deviating from the magistrate judge's analysis or recommended disposition.

## V. Conclusion

Accordingly, the court adopts the Report and incorporates it herein. Plaintiff's motion for leave to amend (ECF No. 43) is **DENIED**.

**IT IS SO ORDERED.**

s/ Timothy M. Cain
United States District Judge

April 5, 2022
Anderson, South Carolina

7